**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Staci Blackwell Baker and James Craig Baker,
Respondents,

v.

Ashley R. McKenzie, Hank Hardwick, and Chesterfield County Department of Social Services, Defendants,

Of whom Hank Hardwick is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-001701

———————

Appeal From Chesterfield County
James A. Spruill, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-223
Submitted February 1, 2017 – Filed May 24, 2017

———————

**VACATED AND REVERSED**

———————

Thomas Ryan Phillips, of Law Office of T. Ryan Phillips, LLC, of Charleston, for Appellant.

Spencer Andrew Syrett, of Columbia, for Respondents.

Cody Tarlton Mitchell, of Lucas Warr & White, of Hartsville, as Guardian ad Litem.

---

**PER CURIAM:**  Hank Hardwick (Father) appeals a visitation order and a contempt order.  On appeal, Father argues (1) Staci Baker and James Baker (the Bakers) did not have standing to seek visitation with Father's minor daughter (Child) and (2) Father should not have been held in contempt of the order.  We vacate and reverse.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).

We find the Bakers lacked standing to seek visitation.[1]  *See Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013) ("Standing, a fundamental prerequisite to instituting an action, may exist by statute, through the principles of constitutional standing, or through the public importance exception.").  The Bakers are not the child's grandparents or siblings.  *See* S.C. Code Ann. § 63-3-530(A)(33) (Supp. 2016) (providing the family court has exclusive jurisdiction to order visitation to grandparents under certain circumstances); S.C. Code Ann. § 63-3-530(A)(44) (2010) (providing the family court has exclusive jurisdiction "to order sibling visitation where the court finds it is in the best interest of the children").  The Bakers did not allege in their complaint that they were the child's psychological parents or de facto custodians, and the family court did not determine whether either doctrine applied.[2]  *See* S.C. Code Ann. § 63-15-60(B)

---

[1] Although the Bakers assert Father's arguments are not preserved, Father raised the issue of standing in his amended answer, during his motion to dismiss, and again in his motion for reconsideration.  Furthermore, the court ruled on the issue of standing.  Thus, standing was raised to and ruled upon by the family court and is preserved.  *See Gartside v. Gartside*, 383 S.C. 35, 43, 677 S.E.2d 621, 625 (Ct. App. 2009) ("[A]n appellate court cannot address an issue unless it was raised to and ruled upon by the family court.").

[2] Based on the plain language of the de facto custodian statute, the Bakers could not be Child's de facto custodians; thus, that statute does not provide them an avenue for standing.  *See* S.C. Code Ann. § 63-15-60(D) (2010) ("No proceeding to establish whether a person is a de facto custodian may be brought concerning a child in the custody of the Department of Social Services.").  Further, we agree with Father these facts do not support a finding that the Bakers are Child's

(2010) (providing a person whom the court has found to be a child's de facto custodian has standing to seek visitation); *Middleton*, 369 S.C. at 594, 633 S.E.2d at 167 (finding psychological parents have standing to file visitation actions).

On appeal, the Bakers contend they have standing under *Ex parte Morris*, 367 S.C. 56, 624 S.E.2d 649 (2006). However, *Morris* is distinguishable. *Morris* involved a DSS action where a child was removed from a non-relative custodian after the child's biological parents abandoned the child to the custodian. *Id*. at 59-60, 624 S.E.2d at 650-51. On appeal, our supreme court determined "[a] nonrelative such as [this c]ustodian who has a real, material, or substantial interest in the long-term custody and potential adoption of a child has standing to participate in a family court proceeding addressing those issues." *Id.* at 63, 624 S.E.2d at 652-53.

This action involves a biological parent who has constitutionally protected rights that were not at stake in *Morris*. *See Troxel v. Granville*, 530 U.S. 57, 66 (2000) ("[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."); *id.* at 72-73 (finding visitation awarded to grandparents under a Washington statute was an "unconstitutional infringement on [the mother's] fundamental right to make decisions concerning the care, custody, and control of her two daughters"). Because of the constitutional rights biological parents have in the custody and care of their children, we decline to expand standing to situations such as this when a third party who is not a de facto custodian or psychological parent seeks visitation from a biological parent. Thus, we vacate the visitation order and reverse the contempt order.[3]

**VACATED AND REVERSED.**[4]

---

psychological parents because the evidence showed Father did not foster the relationship between the Bakers and Child. *See Middleton v. Johnson*, 369 S.C. 585, 596-97, 633 S.E.2d 162, 168 (Ct. App. 2006) (providing the first prong of the psychological parent test requires the petitioner to show "the biological or adoptive parent[s] consented to, and fostered, the petitioner's formation and establishment of a parent-like relationship with the child" (quoting *In re Custody of H.S.H.-K.*, 533 N.W.2d 419, 435-36 (Wis. 1995))). We decline to expand this prong to situations involving foster parents.

[3] We decline to address Father's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when a prior issue was dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**